SUBIRANA ET AL. *v.* PADILLA, DISTRICT JUDGE.

APPLICATION for a Writ of *Certiorari.*

No. 20.—Decided February 15, 1907.

CERTIORARI—OBJECT THEREOF—ORDINARY REMEDY—APPEAL.—The object of the writ of *certiorari* is to correct errors of procedure or terminate a proceeding in cases where the inferior court refuses to do so without justification, but the writ will not issue where an appeal lies or where there is another adequate remedy for the correction of the errors committed.

ID.—SPECIAL ORDER.—An order made after final judgment vacating certain orders of court and the proceedings had for the execution thereof, and overruling certain motions of the plaintiff and ordering the case to be filed, is in the nature of a special order entered after final judgment, and is appealable in accordance with subdivision 3 of section 295 of the Code of Civil Procedure.

The facts are stated in the opinion.

*Mr. José Tous Soto* for plaintiffs.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The decision of the judge of the Ponce court, which explains the facts clearly and precisely, reads as follows:

"On June 12, 1886, José Vila y Soler brought execution proceedings against Eduvigis Collazo, for the recovery of 554 *pesos,* and interest. This action was suspended on April 27, 1888, while the proceedings were pending in the first instance before the judge of this city and judicial district, and on September 5 of the current year, 1906, Attorney José Tous Soto, on behalf of Tomás Subirana y Mir,

Mercedes Laguna y Cedó, and Temístocles Laguna y Dapena, the assignee of José Vila y Soler, made a motion to the court to substitute these persons as plaintiffs, to substitute as defendants ·Eduvigis Collazo y Rivera, María Ramona Franco y Collazo and her husband José Muñoz, Antonia Cayetana, Estefanía and María Zoila, all three surnamed Franco y Collazo, and to order the performance of the compromise agreement which appears at folios 35 to 38 reverse side, of the record of the aforementioned proceedings, judicially approved, according to the order at folio 44.

"The court, on October 18 last, authorized the substitution of the plaintiffs and defendants, and ordered that the latter be required to execute to the former within a period of five days, the deed of the sale of the real property which they had agreed to execute under the compromise referred to, and that upon their failure to do so, that the marshal executed it. The effects of this decree having been stayed on motion of the defendants, both parties appeared in court to discuss their rights, on the 10th instant, Attorney Luis Llorens Torres arguing for the party defendant, and contesting the claim of the party plaintiff, on the ground that the alleged compromise had never been entered into, and that even if it had been, it could not be carried out because the action had become extinguished, which arguments counsel for the plaintiffs sought to refute.

"The question here is that of a judicial compromise, inasmuch as the purpose thereof was to put an end to an action, which compromise is embodied in a document presented during such action, and gave rise to the order of September 16, 1886. According to article 1816 of the Civil Code in force at this date, compulsory proceedings lie with respect to a compromise of this character, provided it can be given the authority of *res adjudicata.* So, then, the entire question in this case is reduced to the decision of these two points:

"1. Did the compromise take place?

"2. Has it the character and force of *res adjudicata?*

"A mere perusal of the document which appears at folios 35 to 38, reverse side, of the record of the execution proceedings, convinces one that a compromise was entered into between the original parties for the purpose of putting an end to the action, and that, one of the bases thereof having been the sale of real property in which minors had an interest, the necessary judicial approval was sought, as provided by article 1810 of the said Civil Code. This approval was given, as may be seen, by the order of September 16, 1886, at folio 44.

"In order, therefore, to decide the whole question, it is sufficient to determine the effects of that order, inasmuch as article 1810 provides that the compromise shall have no effect without judicial approval—in other words, it is sufficient to decide whether the order is final or not.

"Article 2028 of the Law of Civil Procedure, in force at the time the order in question was made, provides that it is appealable both for review and stay of proceedings; therefore, the order, from its nature, is not final. If it were not final either by the acquiescence or consent of the parties, we must conclude that it is not final in any case. The record does not show that notice of the order was served on the defendant, Eduvigis Collazo, nor does it contain anything from which it could be inferred that she had any notice of said decision, nor is it permissible to presume the waiver of a right. According to the law then in force, the term for appealing from a decision was reckoned from the day following that on which notice of the decision was served (articles 303 and 304) and the party in this case would have had five working days in which to take an appeal (articles 381 and 382).

"Therefore, as there remains no doubt that the decision is not of a final character, it follows necessarily that neither can the compromise itself, which lacks legal effect if not derived from the order, be given such character.

"The foregoing would be sufficient grounds upon which to reject the claim of the plaintiff; but as the failure to serve notice is curable *per se*, it is necessary to determine whether the extinction of the action is not an obstacle thereto.

"Articles 411 and 412 of the Law of Civil Procedure cited provide in a precise and specific manner that actions of first instance shall be considered extinguished after the lapse of four years, counted from the date their prosecution ceased, unless there were *force majeure* present, or some other cause independent of the will of the parties, and, finally, article 311 provides that periods of time which cannot be extended, cannot be reopened by restoration or otherwise, after the expiration thereof. According to these provisions, on April 28, 1892, the right of the parties to prosecute this litigation had extinguished.

"Therefore, the court adjudges that all the orders made in this case since that bearing date of October 18 last, and all proceedings had in the execution thereof, are null and void, dismisses all motions of the plaintiff since that filed on September 5 of the current year, and orders

that the record be filed, after a certified copy hereof is attached thereto, at the cost of the plaintiff. November 17, 1906.—Julio M. Padilla, judge of the court."

Attorney José Tous Soto, on behalf of Tomás Subirana y Mir, Mercedes and Temistocles Laguna y Cedó, applied to this Supreme Court, for a writ of *certiorari* to the judge of the Ponce court directing him to transmit the original record of the proceedings instituted by José Vila Soler against Eduvigis Collazo, and prayed that the order inserted in full at the beginning of this opinion, be definitely annulled.

The writ applied for was issued, and here we have the original record.

This case must be decided under the Code of Civil Procedure in force.

This Code went into effect on July 1, 1904, and Eduvigis Collazo should have applied to the office of the secretary of the Ponce court for information as to the result of the decision she had prayed for, in conjunction with José Vila y Soler, if she had not already, unofficial knowledge of it after the date thereof, in order to take such appeals as she might have deemed proper.

She failed to do so, and now we must conclude that said judgment of September 16, 1886, is final.

We now have to consider the decision of the District Court of Ponce of November 17, 1906, inserted above, which is contested in the petition.

The writ of *certiorari* established in this Island by the Act approved March 10, 1904, is of a privileged nature and only lies in such cases in which there is no adequate remedy, and its purpose is to correct proceedings which do not conform to the law and also to put an end thereto when the lower court refuses to do so, on erroneous grounds.

But such writ never lies when an appeal may be taken for the purpose of establishing the legal procedure.

The contested decision of November 17, 1906, inserted above, contains in its adjudging portion, which is the part we must consider, the following declarations:

"It holds certain orders made and the proceedings had in execution thereof to be null and void.

"It dismisses all the motions of the plaintiff since that made on September 5, 1906.

"It orders the record to be filed, after attachment thereto of a certified copy of the judgment, and taxes the costs against the plaintiff."

This decision is an important one and cannot be considered otherwise than as a special order made after final judgment.

This being the case, an appeal lies therefrom according to subdivision 3 of section 295 of the Code of Civil Procedure, which is the proper remedy for the correction of all the errors which may have been committed in said decision and it excludes the privileged writ of *ceriorari* applied for.

For these reasons, the application should be denied, with the costs against the petitioners, and the original records should be returned to the district court from which they were transmitted.

*Decided accordingly.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.